George Andrews, J.,
delivered the opinion of the Court.
This is an indictment for murder. The indictment charges that Mart Womack did unlawfully, etc., “make an assault in and upon one William Williams and one Thomas Massey, with pistol, with intent them, the said William Williams and the said Thomas Massey to kill and murder in the first degree; and then and there, with the pistol aforesaid, the said William Williams and the said Thomas Massey, the said Mart Womack did, unlawfully, willfully, deliberately, premeditaledly, felo-niously, and with malice aforethought, kill and murder in the first degree, against,” etc.
The defendant, by his counsel, moved to quash the indictment; which motion being overruled, the defendant pleaded not guilty, and was put upon his trial.
The evidence shows, and the fact is not disputed, that the defendant killed both Wiliams and Massey by shooting with a pistol, and upon the same occasion. It is shown that an affray took place between Williams and Womack, in the course of which Womack fired two shots at Williams, one of which proved fatal, and Williams fired one shot at Womack. Massey, while the firing was - going on, or instantly thereafter, rushed at *511 Womack, and seized and held him, seizing the hand in which he held the pistol, and telling him not to shoot any more. Massey and Womack struggled together for a short time, the latter seeking to break loose; and in the struggle, Womack’s pistol was either accidentally or purposely discharged, and Massey was thereby killed.
There is nothing tending to show that the shot by which Massey was killed wras intended for Williams.
The defendant moved that the State be required to elect for which killing it would proceed to try upon the indictment; which motion the Court refused. It is not stated at what stage in the trial this motion was made; but it was probably at the close of the testimony.
The jury returned a verdict that the defendant “is guilty of murder, in the second degree, of the said Wm. Williams and Thomas Massey, in manner and form as charged in the indictment,” and he was sentenced to imprisonment for the term of ten years. He moved for new trial and in arrest of judgment; and these motions being overruled, an appeal in error was granted to this Court.
The motion to quash the indictment was properly overruled. The only defect claimed to be found in the indictment, is, that it charges the defendant, in the same count, with the murder of two persons — constituting, as is said, a charge of two distinct felonies.
Two totally distinct and separate felonies cannot be charged in the same count of the indictment; and if, upon the face of the indictment, it appears that the defendant is charged, in the same count, with the killing *512 of two persons, as distinct transactions, the indictment would be quashed.
But a single felonious act may result in the death of two individuals; and though, in such a case, the offender might be indicted for the murder of one only, he may be indicted for a single offense of murder in the act of slaying both. So, a single act of larceny may consist in the stealing of one or many articles of personal property, and the stealing of all may be charged as one offense in a single count: 1 Bishop Cr. Pr., §§ 192, 201. The same reasons may exist for charging, in a single count, the killing of several persons, as for including in one count for larceny the whole of a number of articles stolen.
In the present case, the indictment charges the killing of both Williams and Massey as one felonious act; and we cannot see, from the averments made, that the killing of both did not occur by a single act, and upon a single felonious intent.
But, though the indictment is not, in this respect, open to objection, the testimony given upon the trial showed that the killing of Williams and of Massey could not, in fact, have constituted a single offense of murder. In order that two acts of felonious killing may constitute a single offense of murder, something more is necessary than that they should have been committed upon the same occasion, or in the progress of the same affray.
Without attempting to state an abstract proposition, which shall serve as a test for all cases, it is sufficient now to say, that if the physical acts of assault and killing are distinct, and the intention to kill one is an in *513 tention formed, and existing distinct from and independently of the intention to kill the other, the two acts can not constitute a single offense of murder.
The killing of Williams and Massey, as the undisputed facts show, was not in pursuance of a single intent, or 'by a single act. If the intention to kill Massey existed at all, the evidence all tends to show that it must have been formed after the act was performed by which Williams was slain, and that Massey was not killed by a shot feloniously intended for Williams.
In permitting evidence to be given for the purpose of proving the defendant guilty of the murder of both Williams and Massey, the Court allowed the State to prove two distinct felonies, though but one felony was charged; and had the objection to this mode of proof been taken, the State would have been required to confine its testimony to one of its acts of homicide • or if the two were so connected that testimony in regard to one could not well be given without also testifying as to the other, then the Court would ■ have instructed the jury to confine their verdict to one homicide, and would have withdrawn the testimony in regard to the other from their consideration, except so far as it was relevant to the one which they had the right to consider. As the indictment charged the killing of both Williams and Massey as a single felony, the defendant might have required the State to confine its evidence to such facts as were relevant to one or the other of the distinct felonies actually included in the indictment.
The State cannot avoid-the force of the rule which requires that a single felony only shall be charged in one *514 count, by charging a single fel'ony only, and under that charge proving two: 1 Whart. Cr. Law, secs. 382, 565; 1 Bishop, Cr. Prac., secs. 208, 210.
No objection, however, seems to have been taken upon this ground, to the introduction of the testimony. But upon the closing of the testimony, and previous to the charge of the Court, the defendant moved that the State be required to elect upon which homicide it would proceed.
It was sufficient to take the objection in this manner, and the Court should then have required the State to elect which homicide it would proceed for, and have withdrawn the consideration of the other from the jury.
Where distinct felonies are charged in different counts, it is said that it is a matter in the discretion of the Court, to require the State to elect, a discretion which could be revised here only in the case of manifest abuse: Cash vs. State, 10 Hum., 113; Wright vs. State, 4 Hum., 196.
But, where a single felony is charged in a single count, it is the right of the defendant, subject to no discretion of ■the Court, to be tried for one felony only, and to withdraw every other from the consideration of the jury.
The refusal of the Court to require the State to elect for which homicide it would proceed against the defendant, was, therefore, erroneous, and a new trial must be awarded.